**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)**

| | | |
|---|---|---|
| IN RE: | : | |
| KAIRI E. GOULD | : | BK. No. 18-18076-amc |
| **Debtor** | : | |
| | : | Chapter No. 13 |
| AURORA FINANCIAL GROUP, INC. | : | |
| **Movant** | : | |
| v. | : | |
| KAIRI E. GOULD | : | |
| **Respondent** | : | 11 U.S.C. §362 |

**MOTION OF AURORA FINANCIAL GROUP, INC. FOR RELIEF FROM AUTOMATIC STAY UNDER §362 PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001**

Movant, by its attorneys, PHELAN HALLINAN DIAMOND & JONES, LLP, hereby requests a termination of Automatic Stay and leave to foreclose on its mortgage on real property owned by Debtor, KAIRI E. GOULD A/K/A KAIRI GOULD.

1. Movant is **AURORA FINANCIAL GROUP, INC.**

2. Debtor, KAIRI E. GOULD A/K/A KAIRI GOULD, is the owner of the premises located at **1800-02 W ERIE AVENUE, PHILADELPHIA, PA 19140**, hereinafter known as the mortgaged premises.

3. Movant is the holder of a mortgage on the mortgaged premises.

4. Debtor's failure to tender monthly payments in a manner consistent with the terms of the Mortgage and Note result in a lack of adequate protection.

5. Movant instituted foreclosure proceedings on the mortgage because of Debtor's failure to make the monthly payment required hereunder.

6. The foreclosure proceedings instituted were stayed by the filing of the instant Chapter 13 Petition.

7. As of February 7, 2020, Debtor has failed to tender post-petition mortgage payments for the months of December 2019 through February 2020. The monthly payment amount for the months of December 2019 through February 2020 is $1,581.76 each, less suspense in the amount of $47.44, for a total amount due of $4,697.84. The next payment is due on or before March 1, 2020, in the amount of $1,581.76. The following fees and costs have been incurred since

bankruptcy filing: Plan Review Fees in the amount of $250.00, Objection to Plan Fees $500.00, Proof of Claim Fees in the amount of $650.00, and Notice of Post-petition Mortgage Fees, Expenses, and Charges Fees in the amount of $100.00. Under the terms of the Note and Mortgage, Debtor has a continuing obligation to remain current post-petition and failure to do so results in a lack of adequate protection to Movant.

8. Movant, **AURORA FINANCIAL GROUP, INC.,** requests the Court award reimbursement in the amount of $1,031.00 for the legal fees and costs associated with this Motion.

9. Movant has cause to have the Automatic Stay terminated as to permit Movant to complete foreclosure on its mortgage.

10. Movant specifically requests permission from the Honorable Court to communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law.

11. Movant, it's successors and assignees posits that due to Debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees should be allowed to immediately enforce and implement the Order granting relief from the automatic stay.

12. Movant requests that if relief is granted that Federal Rule of Bankruptcy Procedure 3002.1 be waived.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order;

a. Modifying the Automatic Stay under Section 362 with respect to **1800-02 W ERIE AVENUE, PHILADELPHIA, PA 19140** (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors and assignees, to proceed with its rights under the terms of said Mortgage; and

b. Movant specifically requests permission from this Honorable Court to communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable

nonbankruptcy law; and

    c.    Holding that due to Debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees, should be allowed to immediately enforce and implement the Order granting relief from the automatic stay; and

    d.    Waiving Federal Rule of Bankruptcy Procedure 3002.1; and

    e.    Granting any other relief that this Court deems equitable and just.

<u>/s/ Jerome Blank, Esquire</u>
Jerome Blank, Esq., Id. No.49736
Phelan Hallinan Diamond & Jones, LLP
1617 JFK Boulevard, Suite 1400
One Penn Center Plaza
Philadelphia, PA 19103
Phone Number: 215-563-7000 Ext 31625
Fax Number: 215-568-7616
Email: jerome.blank@phelanhallinan.com

February 19, 2020